```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ANDREW WILLIAMS,                         :
                         Plaintiff,      :
                                         :       02 Civ. 4558 (DLC)
              -v-                        :
                                         :       OPINION & ORDER
J (A) SMITH (FIRST DEPUTY SUPT.),        :
DR. J. PERILLI (F.H.S.D.),               :
MRS. CAPUANO (NURSE ADMIN.),             :
MR. WILLIAMS (PHYSICIAN ASSISTANT),      :
T.G. EAGAN (GRIEVANCE DIRECTOR),         :
SERGEANT KRUSEN,                         :
SERGEANT MACNAMARA,                      :
CORRECTION OFFICER CLARK,                :
CORRECTION OFFICER MALDONADO,            :
CORRECTION OFFICER GOFFE,                :
                         Defendants.     :
                                         :
-----------------------------------------X
```

Appearances:

Pro se Plaintiff:
Andrew Williams
85-B-0689
99 Prison Road
Box 1000
Woodbourne, NY 12788

For Defendants:
Thomas M. Biesty
State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271

DENISE COTE, District Judge:

Plaintiff Andrew Williams ("Williams") moves for

reconsideration of the August 10, 2009 decision's grant of

1

summary judgment to two defendants.  For the following reasons, the motion is denied.

DISCUSSION

Much of the relevant background is provided in the Opinion of August 10, 2009, Williams v. Smith, No. 02 Civ. 4558 (DLC), 2009 WL 2431948 (S.D.N.Y. Aug. 10, 2009) ("August Opinion"), familiarity with which is assumed.  Williams, an inmate at Sing Sing Correctional Facility ("Sing Sing"), suffered from a number of physical ailments, including back pain.  Inmates at Sing Sing are generally entitled to shower three evenings per week.  Beginning in April 1999, Williams was issued medical passes for daily morning showers to ease his back pain.  The gravamen of Williams's complaint is that the defendants were deliberately indifferent to his medical needs by refusing to honor these shower passes.

Williams alleges that First Deputy Superintendent Joseph Smith ("Smith") was deliberately indifferent when he rejected Williams's grievance of this denial of shower passes.  Williams also alleges that Facility Health Services Director John Perilli ("Dr. Perilli") retaliated against Williams for filing this grievance by rescinding Williams's shower pass.

Smith and Perilli, along with other defendants, moved for summary judgment on May 15, 2007.[1] The August Opinion, in relevant part, granted Smith and Perilli's motion. On August 26, 2009, Williams moved for reconsideration of those portions of the August Opinion, and this motion became fully submitted on October 28.

The standard for reconsideration is strict. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The moving party may not "advance new facts, issues or arguments not previously presented to the Court." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (citation omitted). The decision to grant or deny the motion is within the sound discretion of the district court. See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999).

a. First Deputy Superintendent Smith

In April 1999, Williams presented his shower pass to corrections officers, but they refused to allow him morning showers. In September 1999, Williams filed a grievance of this

---

[1] On June 5, 2009, this case was reassigned from the Honorable Lawrence McKenna to this Court.

3

denial.  That grievance was denied, and William appealed to Smith.  Smith rejected the appeal in October 1999.  Smith wrote on his denial: "Investigation determined that although the pass says AM shower, block policy dictates otherwise.  ~~Further, no medical determination could be made as to why AM showers are needed~~. Grievance denied.  Staff can find no reason for AM shower."  (Strikethrough in original).  Williams alleged that Smith's rejection of the grievance appeal constituted deliberate indifference to Williams's serious medical need in violation of the Eighth Amendment.  Smith claimed in his declaration filed in connection with his summary judgment papers that in denying Williams's appeal he "simply relied on the conclusions of the Facility Medical Department that informed me that morning showers were not necessary."

The August Opinion noted that it is "questionable" under Second Circuit law whether Smith's denial of Williams's grievance constitutes sufficient personal involvement to make him liable, but it did not reach the issue of whether to grant Smith summary judgment on that ground.  It instead granted Smith summary judgment because Williams had failed to raise a question of material fact as to whether Smith was deliberately indifferent.  The August Opinion found that Williams did not successfully contest Smith's assertion that he relied on the medical department's conclusion that Williams did not need daily

4

morning showers;[2] nor did Williams offer any evidence that this course of action reflected recklessness. The August Opinion therefore granted Smith summary judgment because Williams had failed to raise a question of material fact as to whether Smith acted with a sufficiently culpable state of mind to be held liable for deliberate indifference.

Williams now asks the Court to "re-evaluate as to whether defendant Smith was personally involved in his constitutional deprivation." This request does not warrant reconsideration because the August Opinion did not grant Smith summary judgment on the basis of his lack of personal involvement.

Williams also argues in this motion that Smith did not rely on the medical department's conclusion about whether Williams needed daily morning showers. In support of this argument, he

---

[2] The defendants' memorandum submitted in connection with their May 15, 2007 summary judgment motion said that Smith "deferred to the medical opinion of Dr. Perilli in denying plaintiff's grievance." Williams argued that "the record clearly illustrates Mr. Smith's denial of plaintiff's grievance appeal could not have been based on the medical opinion of Dr. Perilli," because Smith rejected the grievance appeal in October 1999 and Dr. Perilli did not begin serving as Facility Health Services Director at Sing Sing until December 1999. The defendants' memorandum acknowledged this "drafting error," and Smith did not claim in his declaration that he relied on Dr. Perilli. His declaration instead reports that he relied on the "conclusions of the Facility Medical Department that informed me that morning showers were not necessary." Williams claims that since he was not permitted a surreply he was unable to address Smith's corrected argument that he relied on the conclusion of the medical department, rather than Dr. Perilli. Williams's addresses Smith's corrected argument in this motion, and this Opinion reaches the merits of Williams's argument.

5

points to the facts that the grievance committee confirmed the medical department's approval of morning showers, and that the medical personnel issued daily morning shower permits both before and after Smith's denial of his grievance.  Williams also faults Smith for not conducting his own investigation of whether the medical department felt he needed daily morning showers, and instead relying on the Sing Sing grievance office to relay the medical department's conclusion.  Finally, Williams claims "there is no evidence in the medical record to support Smith's assertion" that he relied on the medical staff's conclusion in rejecting Williams's grievance.

These arguments for reconsideration of the deliberate indifference claim against Smith are unavailing.  The fact that the grievance committee reported that the medical department had permitted Williams a.m. showers does not raise a question of fact as to whether Smith relied on his understanding that the showers were not medically necessary.  Smith acknowledged in his declaration that the grievance committee recommended that Williams be permitted morning showers according to instructions from the medical department.  Nonetheless, Smith asserts that "further investigation by the facility grievance office demonstrated that a.m. showers were not medically necessary."  It is possible that that information was inaccurate; but it was not reckless for Smith to have relied on it.  Williams's best

6

argument that Smith did not, in fact, rely on this information from Sing Sing's grievance office is that no contemporaneous record other than the October 1999 denial itself exists that Smith did so.  This lack of additional evidence does not, however, raise a question of material fact as to whether Williams did as he said.

The fact that medical staff issued Williams shower passes before and after Smith denied his grievance does not raise a question of fact as to whether Smith, at the time he reviewed Williams's grievance, relied on the medical staff's conclusion that Williams did not have a medical need for a shower pass. Insofar as Williams claims Smith was deliberately indifferent for relying on the Sing Sing grievance office to relay the medical staff's conclusion that Williams did not need a shower pass, that argument is rejected.  It was not reckless for Smith to rely on the grievance office to relay this message from the medical staff.

b.   Facility Health Services Director John Perilli

Williams sued Dr. Perilli for retaliation in violation of the First Amendment.  Williams alleges that he told Perilli about the September 1999 grievance during their November 16, 2000 medical consultation, and that Dr. Perilli retaliated by refusing to renew Williams's shower pass.

7

The August Opinion granted Dr. Perilli summary judgment. It found that Dr. Perilli had made a note in Williams's medical chart on October 16, 2000 -- before Williams told him about the September 1999 grievance -- that there was "<u>no</u> need for daily shower based on his medical diagnosis." Since this note predated Dr. Perilli learning about the grievance, the August Opinion held that Williams had failed to raise a question of material fact as to whether Dr. Perilli's allegedly retaliatory action was causally related to Williams's filing of his grievances.

Williams now moves for reconsideration of this decision. He alleges that on October 16, 2000 Dr. Perilli cancelled only his daily shower pass; and Dr. Perilli did not terminate his daily <u>morning</u> shower pass until November 20. Since the cancellation of his daily <u>morning</u> shower pass did not occur until soon after Williams informed Dr. Perilli about his grievance, Williams claims he has shown a causal relationship that supports his retaliation claim.

The August Opinion's grant of summary judgment for Dr. Perilli need not be reconsidered.[3] Williams has not clearly alleged or offered any evidence that he had a valid daily

---

[3] Williams's theory that Dr. Perilli's October 16 note applied only to daily shower passes and not to daily morning shower passes is essentially a new argument and is therefore inappropriately raised in a motion for reconsideration. That argument is, nonetheless, addressed on the merits.

8

morning shower pass at the time of his November 16, 2000 consultation with Dr. Perilli.  Williams's daily morning shower pass ran from August 5, 2000 through November 5, 2000.  The only valid shower pass he had on November 16 was a daily shower pass that ran from September 21, 2000 through December 21, 2000.  Since Dr. Perilli noted on October 16 that Williams did not need that daily shower pass, Williams's theory in this motion of Dr. Perilli's retaliation does not warrant reconsideration.

CONCLUSION

Williams's August 26, 2009 motion for reconsideration is denied.

SO ORDERED:

Dated:    New York, New York
          December 23, 2009

                                      _____
                                              DENISE COTE
                                      United States District Judge

COPIES SENT TO:

Andrew Williams
85-B-0689
99 Prison Road
Box 1000
Woodbourne, NY 12788

Thomas M. Biesty
Assistant Attorney General
State of New York
120 Broadway
New York, NY 10271